UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID RUBIN,<br><br>                 *Plaintiff,*<br><br>  -against-<br><br>HSBC BANK USA, NA, EQUIFAX INFORMATION SERVICES LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                 *Defendants.* | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

By and through the undersigned counsel, Plaintiff David Rubin ("Plaintiff"), with knowledge as to his own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA"), Plaintiff brings this action against Defendants HSBC Bank USA, NA ("HSBC" or "Furnisher Defendant"), Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") ("Equifax and Experian are "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this fee-shifting action.

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies ("CRAs") exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." FCRA § 1681(a)(4).

3. Congress also has plainly stated that the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

4. Similarly, courts within the Second Circuit have recognized that the FCRA offers remedies to consumers who are the victims of inaccurate credit reporting. *See, e.g., Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (observing that the purpose of the FCRA is to address the "serious problem in the credit reporting industry . . . of inaccurate or misleading information") (internal quotation marks and emphasis omitted); *Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (stating that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)).

5. As Plaintiff recounts below, each Defendant denied Plaintiff – a victim of identity theft – the protections afforded to all consumers by the FCRA.

### Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act and/or New York Fair Credit Reporting Act

6. Plaintiff herein asserts claims pursuant to the FCRA and NY FCRA concerning a fraudulent charge to his HSBC credit card ("Fraudulent HSBC Charge") by an identity thief on an account that Plaintiff opened with HSBC in or around October 2019 ("HSBC Account").[1]

---

[1] The account was reporting with a partial account number of 521332458898* as of a July 16, 2020 Equifax credit report and a July 30, 2020 Experian credit report.

*Plaintiff's Claims Against Furnisher Defendant HSBC*

7. Based on acts and omissions described more fully below in the Statement of Facts, Furnisher Defendant HSBC is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of HSBC account information ("HSBC Account Information")[2] inaccurately reporting because of a Fraudulent HSBC Charge of $1,850.85 reporting on Plaintiff's Equifax and Experian credit reports ("HSBC Account") after, upon information and belief, HSBC received notice of Plaintiff's disputes from Equifax and Experian;

    b. failing to review all relevant information provided to HSBC by Equifax and Experian concerning Plaintiff's disputes of the HSBC Account Information; and

    c. failing to promptly modify, delete, or permanently block any and all information about the disputed HSBC Account Information that HSBC, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate.

*Plaintiff's claims against CRA Defendants Equifax and Experian*

8. Based on acts and omissions described more fully below in the Statement of Facts, CRA Defendants Equifax and Experian are liable to Plaintiff for violations of (a) FCRA §§ 1681c-2, 1681e(b), 1681i, and (b) NY FCRA §§ 380-j and 380-f.

---

[2] "Account information" includes, but is not limited to, balance, balance history, high credit, and/or payment history.

*Violations of FCRA § 1681c-2*

9. Upon information and belief, Equifax and Experian each independently violated § 1681c-2 by failing to block the reporting of the disputed HSBC Account Information after receiving information from Plaintiff that required each of those Defendants to do so.

*Violations of FCRA § 1681e(b) and NY FCRA § 380-j*

10. Equifax and Experian each violated FCRA § 1681e(b) and NY FCRA § 380-j by preparing and publishing one or more consumer report(s) about Plaintiff to third-parties. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to inaccurate HSBC Account Information.

11. Upon information and belief, Equifax and Experian prepared and published inaccurate consumer reports about Plaintiff because each CRA Defendant failed to follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff.

12. Upon information and belief, Equifax and Experian each also violated NY FCRA § 380-j by maintaining in their respective credit files for Plaintiff inaccurate information. That inaccurate information included but was not necessarily limited to the HSBC Account Information even though both Defendants had reason to know that information in their respective credit files for Plaintiff was inaccurate.

*Violations of FCRA § 1681i and NY FCRA § 380-f*

13. Equifax and Experian each violated FCRA § 1681i(a)(1) and NY FCRA § 380-f(a) by failing to (i) conduct reasonable reinvestigations of the HSBC Account Information after Plaintiff disputed responsibility for the Fraudulent HSBC Charge to determine whether the HSBC

Account Information was accurately reporting, and (ii) record the correct status of the disputed HSBC Account.

14. Equifax and Experian each violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the HSBC Account Information.

15. Equifax and Experian each violated FCRA § 1681i(a)(5) and NY FCRA § 380-f(b)(1) by failing to promptly delete the disputed HSBC Account Information from their respective credit files for Plaintiff despite the fact that Equifax and Experian, had they conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

16. Equifax and Experian each violated FCRA § 1681i(c) by failing to include Plaintiff's statement of dispute or a clear and accurate codification or summary thereof in all consumer reports containing the HSBC Account Information published subsequent to him submitting a statement of dispute to each CRA Defendant.

17. Equifax and Experian each violated NY FCRA § 380-f(c)(3) by failing to include Plaintiff's statement of dispute or a clear and accurate codification or summary thereof in all consumer reports containing the HSBC Account Information published after concluding their respective reinvestigations of Plaintiff's disputes

18. Equifax violated FCRA § 1681i(c) by failing to clearly note that Plaintiff disputed the HSBC Account Information in each consumer report Equifax published subsequent to him submitting a statement of dispute to each CRA Defendant.

19. Equifax violated NY FCRA § 380f(c)(4) by failing to clearly note that Plaintiff disputed the HSBC Account Information in each consumer report Equifax published after concluding their respective reinvestigations of Plaintiff's disputes.

20. As a direct and proximate result of Defendants' violations of the FCRA and NY FCRA recounted above and as further described herein, Plaintiff suffered cognizable actual damages.

## Jurisdiction and Venue

21. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of state claims asserted herein under New York law pursuant to 28 U.S.C. §1367(a).

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

23. Plaintiff David Rubin is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides in Brooklyn, New York.

24. Defendant HSBC Bank USA, NA is a national association with a principal place of business in New York, NY, and is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

25. Defendant Equifax Information Services LLC is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)).

26. Defendant Experian Information Solutions, Inc. is an Ohio corporation, duly authorized and qualified to do business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)).

**Statement of Facts**

27. Plaintiff, David Rubin, is a victim of identity theft.

28. In or around October of 2019, Plaintiff applied for an HSBC credit card.

29. Plaintiff received an email from HSBC on October 8, 2019 confirming he was approved for an HSBC credit card ("First HSBC Card").

30. On October 11, 2019, Plaintiff received an email from HSBC confirming that the First HSBC Card was mailed to his address on October 10, 2019. Plaintiff, however, never received the First HSBC Card.

31. Less than one week later, on October 17, 2019, Plaintiff received a fraud alert from HSBC notifying him that his card was used in an attempt to make a purchase at a Target store.

32. Upon receiving the fraud alert, Plaintiff went online to review his account activity. Plaintiff discovered a charge in the amount of $1,850.85 was made on October 17, 2019 at BJs Wholesale. Plaintiff did not make or authorize that charge.

33. After he discovered the Fraudulent HSBC Charge at BJs Wholesale, Plaintiff contacted HSBC to alert it of the fraud.

34. By letter dated October 18, 2019, HSBC informed Plaintiff that it had "received notice regarding the unauthorized use of [Plaintiff's] credit card" and would close the First HSBC Card. HSBC stated in the same letter that it would issue him a new credit card account number

("Second HSBC Card") and "all *authorized* transactions [would] be transferred to the new account…." (Emphasis added).

35. An HSBC Statement spanning from October 4, 2019 to November 3, 2019 shows that HSBC elected to credit Plaintiff for the Fraudulent HSBC Charge in the amount of $1,850.85.

36. On October 23, 2019, Plaintiff received an email from HSBC confirming that the Second HSBC Card was mailed to Plaintiff's address on October 22, 2019.

37. Pursuant to a letter dated October 23, 2019, HSBC denied Plaintiff's claim of fraud and applied the Fraudulent HSBC Charge to the Second HSBC Card.

38. On October 29, 2019, Plaintiff filed a police report about the theft of the First HSBC Card and the Fraudulent HSBC Charge.

### *Plaintiff Made Multiple Disputes to Equifax and Experian Concerning the Inaccurate HSBC Account Information*

*Plaintiff's First Round of Disputes*

39. In April 2019, Plaintiff disputed the HSBC Account Information to Equifax ("First Equifax Dispute") and Experian ("First Experian Dispute").

40. Upon information and belief, (a) Equifax notified HSBC about the First Equifax Dispute, and (b) Experian notified HSBC about the First Experian Dispute.

41. HSBC verified to Equifax and Experian that the HSBC Account Information was reporting accurately even though HSBC could not, had it performed a reasonable investigation, have confirmed that Plaintiff was the individual who made the Fraudulent HSBC Charge.

42. Experian, in turn, continued to report the disputed HSBC Account Information even though, had it performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Experian informed Plaintiff of its conclusion in dispute results dated April 24, 2020.

43. Equifax, in turn, continued to report the disputed HSBC Account Information even though, had it performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Equifax informed Plaintiff of its conclusion in dispute results dated April 25, 2020.

44. Moreover, in an April 25, 2020 Equifax credit report that accompanied that Defendant's dispute results, Equifax failed to clearly indicate that the HSBC Account Information was disputed.

*Plaintiff's Second Round of Disputes*

45. Because Equifax and Experian each were still reporting the HSBC Account Information in the summer of 2019, Plaintiff sent a second round of disputes to each CRA Defendant at the beginning of July.

46. In letters dated July 1, 2020 to Equifax ("Second Equifax Dispute") and Experian ("Second Experian Dispute"), Plaintiff again disputed the HSBC Account Information.

47. The Second Equifax Dispute and Second Experian Dispute each included Plaintiff's name, address, social security number, phone number, date of birth, and, upon information and belief, supporting documents such as his driver's license, social security card, and utility bill to verify his identity. The dispute letters each also included as an exhibit a Federal Trade Commission Identity Theft Report that described the inaccurate HSBC Account Information, including the Fraudulent HSBC Charge. Also, both disputes stated that the HSBC Account Information was inaccurate and believed to be the product of identity theft and was not the product of any transaction made or authorized by Plaintiff.

48. Upon information and belief, despite Plaintiff's submission of the foregoing documents along with a request to block the HSBC Account information from reporting, neither CRA Defendant temporarily blocked the HSBC Account Information from Plaintiff's credit file.

49. In addition, the Second Equifax and Experian Disputes each included (a) a statement of dispute by Plaintiff concerning the fact that Plaintiff disputed the HSBC Account Information ("Statement of Dispute"), and (b) a request by Plaintiff to include that Statement of Dispute on consumer reports that Equifax and Experian published about Plaintiff.

50. Upon information and belief, (a) Equifax notified HSBC about the Second Equifax Dispute, and (b) Experian notified HSBC about the Second Experian Dispute.

51. HSBC verified to Equifax and Experian that the HSBC Account Information was reporting accurately even though HSBC could not, had it performed a reasonable investigation, have confirmed that Plaintiff was the individual who made the Fraudulent HSBC Charge.

52. Equifax, in turn, continued to report the disputed HSBC Account Information even though, had it performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Equifax informed Plaintiff of its conclusion in dispute results dated July 16, 2020.

53. Experian, in turn, continued to report the disputed HSBC Account Information even though, had it performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Experian informed Plaintiff of its conclusion in dispute results dated July 30, 2020.

54. Moreover, Equifax failed to clearly indicate that the HSBC Account Information was disputed in July 16, 2020 and August 4, 2020 credit reports following the Second Equifax Dispute.

55. In addition, Equifax failed to include Plaintiff's requested Statement of Dispute, or a codification or summary of Plaintiff's Statement of Dispute, in July 16, 2020 and August 4, 2020 credit reports despite Plaintiff's request for the addition of a statement.

56. Experian also failed to include Plaintiff's requested Statement of Dispute, or a codification or summary of Plaintiff's Statement of Dispute, in a July 30, 2020 credit report despite Plaintiff's request for the addition of a statement.

57. Upon information and belief, neither Equifax nor Experian contacted Plaintiff concerning the Statement of Dispute to assist him in writing a more concise version of that Statement of Dispute or summary of Plaintiff's dispute.

58. Upon information and belief, Equifax published multiple consumer reports containing the HSBC Account Information.

59. Upon information and belief, Experian also published multiple consumer reports containing the HSBC Account Information.

*Damages*

60. At all times pertinent hereto, the conduct of HSBC, Equifax, and Experian, as well as their respective agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for the rights of Plaintiff pursuant to the FCRA and/or NY FCRA.

61. As a direct and proximate result of the willful and negligent actions, conduct, and omissions of HSBC, Equifax, and Experian, Plaintiff suffered cognizable actual damages, including but not limited to emotional distress, anxiety, frustration, humiliation, embarrassment, and damage to Plaintiff's reputation for creditworthiness.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FCRA BY HSBC
### (FURNISHER DEFENDANT)

62. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

63. Based on the facts alleged in this Complaint, HSBC violated FCRA § 1681s-2(b) by its acts and omissions.

64. Due to these violations of § 1681s-2(b) by HSBC, Plaintiff suffered actual damages, including but not limited to damage to his reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

65. These violations of § 1681s-2(b)(1) were willful, rendering HSBC liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66. In the alternative, HSBC was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FCRA BY EQUIFAX AND EXPERIAN
### (CONSUMER REPORTING AGENCIES)

67. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

68. Based on the facts alleged in this Complaint, Equifax and Experian, by their respective actions and omissions, each independently violated various provisions of the FCRA including but not necessarily limited to the following violations:

   a. Equifax and Experian each violated 15 U.S.C. § 1681c-2;

   b. Equifax and Experian each violated 15 U.S.C. § 1681e(b);

    c. Equifax and Experian each violated 15 U.S.C. § 1681i(a)(1);

    d. Equifax and Experian each violated 15 U.S.C. § 1681i(a)(4);

    e. Equifax and Experian each violated 15 U.S.C. § 1681i(a)(5); and

    f. Equifax and Experian each violated 15 U.S.C. § 1681i(c).

69. Due to the separate and independent violations of the FCRA by Equifax and Experian, Plaintiff suffered actual damages, including but not limited to damage to his reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

70. These violations by Equifax and Experian of §§ 1681c-2, 1681e, and 1681i were willful, rendering Equifax and Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

71. In the alternative, these FCRA violations by Equifax and Experian were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE NY FCRA BY EQUIFAX AND EXPERIAN
## (CONSUMER REPORTING AGENCIES)

72. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

73. Based on the facts alleged in this Complaint, Equifax and Experian, by their respective actions and omissions, each independently violated various provisions of the NY FCRA (NY GBL §§ 380-380-u) including, but not necessarily limited to, the following violations:

    a. Equifax and Experian each violated § 380-j(a);

    b. Equifax and Experian each violated § 380-j(e);

    c. Equifax and Experian each violated § 380-f(a);

    d. Equifax violated § 380-f(c)(3); and

    e. Equifax and Experian each violated § 380f(c)(4).

74. These violations by Equifax and Experian of NY FCRA §§ 380-j and 380f were willful, rendering Equifax and Experian liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to NY FCRA § 380-l.

75. In the alternative, these NY FCRA violations by Equifax and Experian were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to NY FCRA § 380-m.

76. Plaintiff is also entitled to injunctive relief restraining Equifax and Experian from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with respect to Defendants Equifax and Experian, NY GBL § 380-l and § 380-m.

2. Ordering Defendants Equifax and Experian to:

    a. immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom Equifax and Experian reported consumer credit information; and

    b. send updated and corrected credit report information to all persons and entities to

       whom Equifax and Experian reported inaccurate information about Plaintiff within the last three years;

3. Enjoining Equifax and Experian from violating Plaintiff's NY FCRA rights; and

4. Such other and further relief as may be necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

        */s/ Adam G. Singer*
        **LAW OFFICE OF ADAM G. SINGER, PLLC**
        Adam G. Singer (AS7294)
        E: asinger@adamsingerlaw.com
        Brett D. Sherman (BS5688)
        E: brett.sherman@adamsingerlaw.com
        One Grand Central Place
        60 E. 42nd Street, Suite 4600
        New York, NY 10165
        T: 212.842.2428